HACKETT v. HACKETT.

1. CANCELLATION OF INSTRUMENTS—DEEDS—CONSIDERATION.
     In suit to set aside deed, where testimony showed that plaintiff signed deed, that there was no fraud, and that deed was made in pursuance of agreement between plaintiff and his wife for protection of their infant sons, trial court properly dismissed suit.

2. EXECUTORS AND ADMINISTRATORS—FRAUD—ACCOUNTING.

    In husband's suit against administrator of his wife's estate for accounting, on ground of fraud, finding of trial court that fraud was not established, *held,* justified.

Appeal from Jackson; Simpson (John), J. Submitted January 13, 1932. (Docket No. 129, Calendar No. 36,240.) Decided March 2, 1932.

Bill by Charles B. Hackett and another against Howard Hackett, individually and as guardian of Harry Hackett, an insane person, to set aside a deed and for an accounting. Bill dismissed. Plaintiffs appeal. Affirmed.

*T. Rogers Lyons,* for plaintiffs.

*M. F. Badgley,* for defendants.

McDONALD, J. This bill was filed to set aside a deed and for an accounting between Charles B. Hackett and Howard Hackett, administrator of the estate of Hannah Hackett, deceased.

On March 18, 1896, the plaintiff was living with his first wife, Hannah Hackett, now deceased. They had two sons, Harry and Howard, then aged nine and five years respectively. Mr. Hackett owned a property known as 110 Page avenue in the city of Jackson. The records in the register's office show a deed of this property dated March 18, 1896, from Charles B. Hackett and Hannah Hackett, his wife, to their two sons. This is the deed which the plaintiffs seek to set aside. The theory of the bill is that Charles B. Hackett never signed the deed; that if he did sign it there was no consideration and no delivery; and that in any event he is entitled to have his title quieted because of adverse possession for the statutory period. On the hearing, the trial court found against the plaintiffs and entered a decree dismissing their bill. They have appealed.

By the great weight of the testimony it is established in this record that the plaintiff Charles B. Hackett signed the deed in question; that there was no fraud attending the transaction; that the deed was made in pursuance of an agreement with his wife, Hannah Hackett, for the protection of their infant sons; that it was placed on record, assessed for taxes to the boys, and that for 35 years thereafter Charles Hackett never questioned their title. In answer to questions by the court, he testified:

"*Q.* Why did you sit by all these years and never say anything about it?

"*A.* I don't know that.

"*Q.* Never was a thing said when your first wife was living, was there?

"*A.* No.

"*Q.* Why?

"*A.* I don't know. * * *

"*Q.* Didn't you with your wife keep a life estate there? Wasn't that the intent of putting this on record?

"*A.* No.

"*Q.* Isn't that the fact of it?

"*A.* What?

"*Q.* That you and your wife were supposed to have a life lease of the place and it would go then to your children, this place?

"*A.* Supposed to have a life lease of it?

"*Q.* Yes, and after you and your wife were dead, then it would go to the children. Wasn't that the purpose of it?

"*A.* Well, I don't know whether it was or not.

"*Q.* It might have been?

"*A.* Yes.

"*Q.* Isn't that the fact of it, so the property would go to the children after you were dead. Was that the talk you and your wife had?

"*A.* Yes."

There was also testimony by other witnesses showing that Charles B. Hackett and his wife, Hannah Hackett, had domestic trouble; that he left home; that later a reconciliation was had at which time it was agreed that this deed should be made to their sons in order to secure the property to them. There is no doubt of its validity.

In a supplemental bill, Charles Hackett charges that in the administration of the estate of Hannah Hackett, deceased, through the fraud and deceit of defendant Howard Hackett while acting as administrator, he was cheated out of $3,000 which rightly belonged to him, and prays for an accounting and a redivision of the estate.

The trial court rightly disposed of this claim in the following finding:

"As to the alleged accounting between Charles B. Hackett and Howard Hackett, who acted as administrator of Hannah Hackett's estate, the court finds as a fact that there was no fraud practiced by Howard Hackett in any way in regard to that estate. The fact is that all the testimony in the case is to the contrary. The testimony shows that Howard Hackett acted as administrator of the estate and accounted for all the money and property that came into his possession."

In view of the established facts, the doctrine of adverse possession and the questions of law argued in the plaintiffs' brief are inapplicable and require no discussion. The decree is affirmed, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.